UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DWAYNE GRIFFIN,
    Plaintiff,

vs.                                                              07-1185
                                                                 07-1186
                                                                 07-1187
                                                                 07-1188
                                                                 07-1189
                                                                 07-1190
                                                                 07-1202,

ROD BLAGOJEVICH et al.,[1]
    Defendants.

### Order Denying/Revoking Motion to Proceed In Forma Pauperis

The plaintiff, a state prisoner, has filed 13 new cases in two months in the United States District Court for the Central District of Illinois. This order addresses those cases filed in the Peoria Division.

The plaintiff has filed all seven lawsuits pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. The court has granted the plaintiff's motion to proceed *in forma pauperis* in each case. Unfortunately, the plaintiff failed to inform the court that he had already accumulated three strikes pursuant to Title 28, United States Code, Section 1915, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Six of the plaintiff's previous lawsuits have been dismissed during his incarceration for

---

[1] The defendants vary among the cases, but Governor Blagojevich is a defendant in all the cases.

1

failure to state a claim upon which relief may be granted.[2]   In addition, a federal court has specifically told the plaintiff on seven occasions that his case was dismissed because he had already accumulated three strikes.[3]  Nonetheless, the plaintiff failed to mention his three strikes status in any of his motions to proceed *in forma pauperis* or in any of his complaints.

The plaintiff also makes no reference to the imminent danger exception which would still allow him to proceed *in forma pauperis.*   This exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury' . . ." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).   Courts have most commonly found this exception applies when a plaintiff claims he is not being treated for an ongoing serious medical condition.  *See Bolden v. Evans,* 2006 WL 2460572 (S.D. Ill Aug. 24, 2006); *see also Grissom v Goltz,* 2005 WL 1189786 ( E.D. Wis. May 9, 2006).  Courts have found no exception to the three strikes rule when a past injury is alleged. *Franklin v. Berge,* 2005 WL 955835 (W.D. Wis. April 25, 2005)(one occasion of excessive force, interference with legal mail); *Abdul-Akbar v. McKelvie,* 239 F.3d 307 (3rd Cir. 2001) (plaintiff sprayed with pepper spray); *Martin v. Shelton,* 319 F.3d 1048 (8th Cir. 2003)(plaintiff worked in inclement weather twice); *Abdul-Wadood v. Nathan,* 91 F3d 1023 (7th Cir. 1996)(plaintiff given Ibuprofen instead of something stronger for injury that is now healed).

A review of the seven cases the plaintiff filed in the Peoria Division demonstrates that none fit the imminent danger exception:

1. *Griffin v. Blagojevich,* 07-1185 (improper placement in segregation, inhumane cell conditions).
2. *Griffin v. Blagojevich,* 07-1186 (repeatedly denied access to law library).
3. *Griffin v. Blagojevich,* 07-1187 (taking of property, use of mace, inhumane living conditions).
4. *Griffin v. Blagojevich,* 07-1188 (interference with legal mail).
5. *Griffin v. Blagojevich,* 07-1189 (interference with religious worship, painful application of handcuffs for which the plaintiff received medical care, false disciplinary report, inhumane cell conditions).
6. *Griffin v. Blagojevich,* 07-1190 (use of excessive force on one occasion, plaintiff says he received medical treatment).
7. *Griffin v. Blagojevich,* 07-1202 (failure to receive state pay).

---

[2] *See Griffin v. Psexico*, Case No. 1:06-cv-02566 (N.D. Ill.) ; *Griffin v. Blagojevich*, 06-315 (S.D. Ill); *Griffin v. Blagojevich*, 06-318 (S.D. Ill.): *Griffin v. Blagojevich*, 06-319 (S.D. Ill.); *Griffin v. Sheahan*, 98-3670 (N.D. Ill.); and *Griffin v. Sheahan*, 05-6763 (N.D. Ill.).

[3] *Griffin v. Herndon*, 07-463 (S.D. Ill); *Griffin v. Blagojevich*, 07-465 (S.D. Ill.); *Griffin v. Blagojevich*, 07-466; *Griffin v. Reagan*, 07-467 (S.D. Ill.); *Griffin v. Murphy*, 07-468 (S.D. Ill.); *Griffin v. Blagojevich*, 07-470 (S.D. Ill.); and *Griffin v. Blagojevich*, 07-471 (S.D. Ill.).

The court also notes that all of the plaintiff's complaints arise from incidents that occurred at the Pontiac Correctional Center. The plaintiff is clearly not in imminent danger since he has been transferred and currently resides at the Western Illinois Correctional Center.

Therefore, the plaintiff's applications to proceed *in forma pauperis* are revoked in each of the cases. The cases will be dismissed for failure to pay the filing fee and for the plaintiff's failure to provide accurate information about his litigation history. The court agrees with the reasoning in *Sloan v. Lesza*. 181 F.3d 857, 859 (7th Cir. 1999) which states:

> An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §1915(g) applies to a particular litigant will lead to immediate termination of the suit. *Id.*

The plaintiff is advised that in future litigation concerning his incarceration he must do one of two things: 1) pay the filing fee in full when he files his lawsuit; or 2) clearly state in his complaint and his motion to proceed *in forma pauperis* that the plaintiff has acquired three strikes. The plaintiff will only be granted leave to proceed *in forma pauperis* if the court determines that he is in imminent danger. If the plaintiff fails to inform the court of his three strikes status, the court will not only dismiss his lawsuit, but also enter an order directing the clerk of the court is to return any future papers the plaintiff tenders unfiled until he has paid in full the outstanding fees in all civil actions he has filed. *See Sloan*, 181 F.3d 857; *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's applications to proceed *in forma pauperis* are denied or revoked pursuant to 28 U.S.C. Section 1915(g). All the cases are dismissed, without prejudice, for failure to pay the filing fee. All merit review conferences are cancelled. All other pending motions are denied as moot.**

2) **Plaintiff is warned that if he continues to file civil complaints without the filing fee, the court may impose sanctions and an order directing the clerk to return any further civil complaints Plaintiff files until those sanctions are paid in full.**

3) **The clerk is directed to enter this order in each of Plaintiff's cases listed in the caption.**

Enter this  22nd  Day of August, 2007.

s\Harold A. Baker

Harold A. Baker
United States District Judge